**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROD STUCKER, | No. 19-35733 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00007-DCN |
| v. | |
| STATE OF IDAHO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted December 2, 2020**

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Rod Stucker appeals pro se from the district court's judgment dismissing his

action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a district court's determination of whether the

complaint failed to comply with the notice pleading requirements of Federal Rule

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of Civil Procedure 8. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). We affirm.

The district court properly dismissed Stucker's action for failure to comply with Rule 8 because, despite an opportunity to amend, Stucker's operative second amended complaint was prolix, confusing, and failed to allege clearly the bases for his claims. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original, citation and internal quotation marks omitted)); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint that is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not comply with Rule 8; if "one cannot determine from the complaint who is being sued, and for what relief, and on what theory" then the complaint violates Rule 8).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is

2                                                                    19-35733

particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Stucker's motion to disqualify the district judge because Stucker failed to establish any ground for disqualification. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring disqualification).

We do not consider as outside the scope of this appeal Stucker's contentions that Chief Judge Thomas improperly dismissed Stucker's judicial misconduct complaint against the district judge.

Stucker's motion to disqualify the district judge and motion to transmit physical exhibit are denied.

**AFFIRMED.**